UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>D. FORD,<br><br>Defendant. | Case No. 19-cv-07649-HSG<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against PBSP officer Ford. His complaint is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint makes the following allegations. On October 29, 2019, in the course of assisting with afternoon yard release, Officer Ford performed an illegal clothed body search on plaintiff "in 'vengence' (sic) and 'retaliation' to cover up" the sexual battery committed on him by his co-workers, Officers Gutierrez and Kumbat on June 19, 2018, and January 17, 2019. Dkt. No. 1 at 3. The search constituted sexual battery because Officer Ford grasped around plaintiff's public hair area, pulled plaintiff's pubic hair, and inappropriately cupped and squeezed plaintiff's testicles. *Id.* The search was an intentional infliction of emotional distress, and caused plaintiff pain and annoyance. *Id.* The search was done maliciously and sadistically, was an offensive and intentional touching done without plaintiff's consent and with the intent to harm or offend, and had no legitimate penological motive. Dkt. No. 1 at 4. Plaintiff alleges that the body search violated his First Amendment right to be free of retaliation and was a sexual battery in violation of the Eighth Amendment. Plaintiff also alleges that the body search violated the "three strikes" provision set forth in 28 U.S.C. 1915(g).

      **1.      Eighth Amendment Claim**

A prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the

2

evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated, *see Hudson*, 503 U.S. at 9, and no lasting physical injury is required to state a cause of action, *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. *See Jordan v. Gardner*, 986 F.2d 1521, 1525–31 (9th Cir. 1993) (en banc). Liberally construed, the complaint states a cognizable Eighth Amendment claim.

### 2. First Amendment Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The alleged motive for the body search is Officer Ford's desire to cover up his co-workers' alleged misconduct, and not because of plaintiff's protected conduct. Taking adverse action in an attempt to cover up misconduct does not state a cognizable First Amendment retaliation claim. However, if the body search was in retaliation for plaintiff's engaging in protected conduct, such as reporting that Officers Gutierrez and Kumbat had committed sexual battery on plaintiff on June 19, 2018, and January 17, 2019, this would state a cognizable First Amendment retaliation claim. The First Amendment retaliation claim is DISMISSED with leave to amend, if plaintiff can truthfully allege facts that state a cognizable First Amendment retaliation claim.

### 3. Three Strikes Claim

The three-strikes provision, set forth at 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act of 1996 ("PLRA"), is inapplicable here. Pursuant to Section 1915(g) of the PLRA, a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma*

*pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) does not create any statutory rights. Rather, Section 1915(g) prevents a prisoner from proceeding in federal court without first paying the required court filing fees.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The complaint states a cognizable Eighth Amendment claim against Officer Ford.

2. The complaint's First Amendment retaliation claim is DISMISSED with leave to amend. If plaintiff wishes to amend this claim, he shall file an amended complaint within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-07469 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claim found cognizable above and the defendant ordered served below. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order in the time provided will result in the initial complaint (Dkt. No. 1) remaining the operative complaint.** The Clerk shall include two copies of the court's form with a copy of this order to Plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto (Dkt. No. 1), and a copy of this order upon defendant **Officer D. Ford** at Pelican Bay State Prison, 5905 Lake Earl Drive, Crescent City, CA 95531. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

4

a. No later than 91 days from the date this Order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought

to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 1/6/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge